**Ishwer Singh GILL, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–72341.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 20, 2007.*

Filed Jan. 4, 2008.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Genevieve Holm, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM**

Ishwer Singh Gill, a native and citizen of India, petitions for a review of a final decision by the Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) relief. We deny the petition for review.

### DISCUSSION

The IJ properly denied Gill's applications for asylum and withholding of removal because his testimony was not credible. The inconsistencies cited by the IJ "are neither minor nor insignificant, but are central to [Gill's] claim of past persecution and abuse." *Kohli v. Gonzales,* 473 F.3d 1061, 1071 (9th Cir.2007). For example, Gill's statements regarding how he fled the country and whether he stayed in his village or hid in other parts of India after his last arrest "went to the heart of [his] claim because it involved the very event upon which he predicated his claim for asylum." *See Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007). His failure to explain the details of his political or religious beliefs also undermined his claims of persecution. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004) (political beliefs); *Mejia–Paiz v. INS,* 111 F.3d 720, 724 (9th Cir.1997) (religious beliefs).

The IJ denied CAT relief based on "changed country conditions." We agree that changes in India make it unlikely that Gill would be subjected to torture if he returns. The State Department reports that "law and order ... is by all accounts essentially normal" and "[t]here is no evidence that Sikhs ... face harassment, mis-

treatment or persecution merely on their religion or political opinions." Although these are generalized statements, the IJ properly examined Gill's individualized situation, noting he agreed that authorities would not consider him to be a criminal or have "ties to militants" and therefore he would not likely be arrested and tortured. *See Marcos v. Gonzales,* 410 F.3d 1112, 1121 (9th Cir.2005) (noting this circuit requires the IJ to make an "individualized determination whether changed conditions ... will affect [petitioner's] specific situation").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.